■ In the Matter of LEO CONRAD, an Attorney, Respondent, DENIS M. HURLEY, Petitioner.— This is a proceeding to discipline respondent, an attorney, based on nine charges or specifications (Nos. 6-A to 6-I, respectively) of professional misconduct arising out of the recent Judicial Inquiry into Unethical Practices of Attorneys in Kings County. One of the charges (No. 6-F), relating to the sharing of fees with laymen, has been abandoned; no proof was offered to support it. The Referee to whom the issues were referred has held extensive

hearings and has filed his report. The Referee found that four of the charges (6-C, 6-D, 6-G and 6-I) were sustained by the proof, and that four of the charges (6-A, 6-B, 6-E and 6-H) were not sustained. He recommended the dismissal of the latter four charges and the respondent's disbarment upon the first four charges. Petitioner now moves: (1) to confirm the Referee's report insofar as the Referee found the four charges to be sustained and recommended respondent's disbarment; and (2) to disaffirm the report only insofar as the Referee found *three* of the charges (6-B, 6-E and 6-H) not to be sustained and recommended their dismissal. Apparently, petitioner is content to rest on the Referee's recommendation of dismissal of charge 6-A relating to the solicitation of cases. The four charges sustained by the Referee are: (1) that respondent filed in the Appellate Divisions in the First and Second Judicial Departments, statements of retainer which were false and fraudulent — specification 6-C; (2) that respondent concurrently represented clients whose interests were antagonistic and conflicting — specification 6-D; (3) that respondent suborned perjury at examinations before trial and before the Additional Special Term which conducted the Judicial Inquiry into Unethical Practices of Attorneys — specification 6-G; and (4) that respondent willfully obstructed such Judicial Inquiry by his persistent conduct in refusing to co-operate and to answer relevant questions — specification 6-I. In our opinion, these four charges or specifications (6-C, 6-D, 6-G and 6-I) are amply sustained by the proof and require respondent's disbarment. We have also concluded that his disbarment is required on these four charges exclusively — without regard to the three charges (6-B, 6-E and 6-H) which the Referee found not to be sustained by the proof and as to which petitioner seeks disaffirmance of the Referee's report. However, contrary to the Referee's finding, we find that charge 6-B is also sustained by the proof. This charge is that respondent knowingly submitted to insurance companies exaggerated statements and false information in order to obtain the settlement of claims. In our opinion, this charge — 6-B — is sustained by the fair preponderance of the evidence and the reasonable inferences to be drawn therefrom. We hold that the charge has been clearly established. We approve the Referee's findings that charges 6-E and 6-H have not been sustained by the proof. Charge 6-E is that respondent shared legal fees with other lawyers without sharing in the services or responsibilities. Charge 6-H is that respondent *attempted* to procure witnesses to suborn themselves and to give false testimony before the Additional Special Term conducting the Judicial Inquiry. Accordingly, the petitioner's motion is granted to the extent of: (a) affirming the Referee's findings as to the four charges 6-C, 6-D, 6-G and 6-I; (b) disaffirming the Referee's findings as to charge 6-B; and (c) affirming the Referee's findings as to charges 6-E and 6-H; the respondent is found guilty of the said five charges — 6-C, 6-D, 6-G, 6-I and 6-B; and, based on respondent's guilt upon such five charges, the respondent is disbarred and his name directed to be struck from the roll of attorneys effective 30 days after entry of the order hereon. Ughetta, Christ and Hopkins, JJ., concur; Beldock, P. J., and Rabin, J., concur in all respects, except that they dissent as to the confirmation of the Referee's finding that charge 6-E has not been sustained, and vote to disaffirm such finding and for the making of a contrary finding, with the following memorandum: Charge 6-E is that respondent shared legal fees with other lawyers without sharing in the services or responsibilities. In our opinion this charge is amply established by the record. The proof shows that, while respondent shared substantially in the fees, he did not — except in a very superficial manner — actually share in the work or responsibility of any of the cases. At best his participation was only nominal. Under all the circumstances, and particularly in view of

respondent's full time concurrent employment with an insurance company, it is impossible to conclude that the division of fees was in fact based upon a division of services rendered or responsibility assumed by the respondent, as required by canon 34 ('Canons of Professional Ethics of the New York State Bar Association).